FILED: June 1, 2015

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 13-4360
(1:11-cr-00547-RDB-11)

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

JOHN ADAMS, a/k/a L. J., a/k/a Little Johnny

    Defendant - Appellant

## JUDGMENT

In accordance with the decision of this court, the judgment of the district court is vacated. This case is remanded to the district court for further proceedings consistent with the court's decision.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

    /s/ PATRICIA S. CONNOR, CLERK

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4360

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JOHN ADAMS, a/k/a L.J., a/k/a Little Johnny,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:11-cr-00547-RDB-11)

Argued:  January 29, 2015                    Decided:  June 1, 2015

Before KING and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

Vacated and remanded by published opinion, which is filed under seal by published order.  Judge King wrote the opinion, in which Judge Agee joined except as to footnote 10 and Senior Judge Davis joined in full.  Judge Agee and Senior Judge Davis wrote concurring opinions.  Judge King directed entry of the sealing order with the concurrence of Judge Agee and Senior Judge Davis.

**ARGUED**: Amy Lee Copeland, ROUSE & COPELAND, LLC, Savannah, Georgia, for Appellant.  Christopher John Romano, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.  **ON BRIEF**: Rod J. Rosenstein, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

**SEALING ORDER**

KING, Circuit Judge:

The Court's opinion in this matter is filed under seal due to the sensitive nature of its contents. Premised on the conclusion that the district court committed plain error, the Court's opinion vacates and remands for further proceedings. Judge Agee joined in the Court's opinion except as to footnote 10, which reads:

> We are somewhat surprised that the government failed to confess plain error on appeal and thereby enhance the integrity of judicial proceedings. We are again reminded of the Supreme Court's decision in Berger v. United States, where the United States Attorney was properly described as representing a sovereign "whose obligation . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done." See 295 U.S. 78, 88 (1935). As Justice Sutherland further explained, the public must have "confidence that these obligations . . . will be faithfully observed," and that prosecutors will strive to ensure fairness and justice. Id.

Senior Judge Davis joined in the Court's opinion in full.

The concurring opinions of Judge Agee and Senior Judge Davis each discuss footnote 10. Those concurring opinions are attached to this order, although Judge Agee's concurring opinion is partially redacted for the same reason that the Court's opinion is hereby sealed.

2

Nearly all the record of this matter — including most of the proceedings conducted in the district court, a portion of the public docket, substantial aspects of the appellate briefs, and the oral argument of this appeal — has been and remains sealed. As specified in footnote 11 of the Court's opinion, the district court should, on remand, "consider alternatives [to] sealing the [entirety of the] record" and carefully "weigh the competing interests at stake." Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 181-82 (4th Cir. 1998); see also Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir. 2004). Public access to judicial proceedings is consistent with the "First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." Doe v. Pub. Citizen, 749 F.3d 246, 265 (4th Cir. 2014); see also In re The Wall St. Journal, No. 15-1179, 2015 WL 925475, at *1 (4th Cir. Mar. 5, 2015) (explaining that the public "enjoys a qualified right of access to criminal trials, pretrial proceedings, and documents submitted in the course of a trial" (internal quotation marks omitted)). Accordingly, the parties — particularly the government — should notify the district court and this Court if sealing of the record (in whole or in part) is no longer necessary.

For the Court

/s/ Patricia S. Connor, Clerk

AGEE, Circuit Judge, concurring:

███████████████████████████████████████████████████████

███████████████████████████████████████████ I write separately, however, to state my disagreement with footnote ten of the majority opinion, which suggests that the Government should not have pursued this appeal at all.

The Government possesses "broad" prosecutorial discretion. Wayte v. United States, 470 U.S. 598, 608 (1985), and it exercises that discretion when choosing when or how to pursue an appeal, United States v. Fernandez, 887 F.2d 465, 470 (4th Cir. 1980). Sometimes the Government may press an argument on appeal that, from our position, seems less convincing. But we should expect some aggressiveness, as the Government is obliged to "prosecute the accused with earnestness and vigor." United States v. Agurs, 427 U.S. 97, 110 (1976). Thus, "[i]t should be a rare occasion when judges criticize, and thereby intrude into, a legitimate exercise of prosecutorial discretion." United States v. Bonner, 363 F.3d 213, 219 (3d Cir. 2004) (Smith, J., concurring). After all, "prosecutorial decisions . . . are "particularly ill-suited for judicial review." United States v. Richardson, 856 F.2d 644, 647 (4th Cir. 1988) (internal quotation marks omitted). If we too eagerly and too often comment on the Government's strategic choices, then the

4

Government could become a less zealous advocate -- and our adversarial system of justice would suffer for it.

This case does not present one of those rare occasions when we should disparage a coordinate branch for doing what the Constitution and its statutory mandate charge it to do. The Government here faced a claim of unobjected-to ▮▮▮▮▮ error. Certainly, it is "difficult" for the ordinary defendant to establish plain error. Puckett v. United States, 556 U.S. 129, 135 (2009). And some of our prior decisions suggested that reversal in circumstances like these was especially unlikely.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Of course, we have ultimately rebuffed the Government's position. But the vacatur alone should be enough of a rebuke. Thus, I join the majority except as to footnote ten, preferring to leave that portion of the opinion unsaid.

DAVIS, Senior Circuit Judge, concurring:

I am pleased to join in full Judge King's excellent opinion for the panel.

A brief word is in order, however, in response to our good friend's concurring opinion, in which exception is taken to the unexceptional observations set forth in footnote 10 of the majority opinion. Our friend seems to think we are somehow being too harsh on the government, and perhaps operating outside the bounds of our adjudicative responsibilities, as well, in making the comments in that footnote, writing, in part:

> Thus, "[i]t should be a rare occasion when judges criticize, and thereby intrude into, a legitimate exercise of prosecutorial discretion." United States v. Bonner, 363 F.3d 213, 219 (3d Cir. 2004) (Smith, J., concurring).

Ante at 4.

Lest the reader misapprehend the true import of the brief comment taken from Judge Smith's concurring opinion in the Third Circuit's Bonner case, however, an elaboration is crucial. In Bonner, upon a government appeal, the court reversed the district court's grant of the defendant's motion to suppress evidence, finding that the district court erred in concluding that local police officers lacked reasonable articulable suspicion to chase on foot and tackle a motorist who fled from a legitimate traffic stop. 363 F.3d at 215, 218. A similar motion had been granted by a state court judge, after which (during the

pendency of the Commonwealth's appeal) a federal prosecution was commenced based on the same underlying conduct.

Although Judge Smith concurred in the reversal of the suppression order, he also specifically and explicitly approved a portion of Judge McKee's full-throated dissent, in which Judge McKee strongly criticized state and federal prosecutors for decisions our friend apparently would view as mere "strategic choices" that should lie beyond the reach of a legitimate, thoughtful critique by the members of the Third Branch.[*]

---

[*] Judge Smith wrote:

> Finally, although I join Judge Cowen in reversing the District Court, I echo the sentiments of Judge McKee expressed in Part III of his dissent.
>
> It should be a rare occasion when judges criticize, and thereby intrude into, a legitimate exercise of prosecutorial discretion. Nor should we routinely question in our opinions the policy decisions of Congress to federalize what has traditionally been state law street crime. Our institutional role as judges is limited by our jurisdiction and by the comity and respect we owe to coordinate branches of government.
>
> That being said, the instant case presents a series of events which the dissent characterizes as a prosecutorial "switcheroo." I cannot disagree with that characterization, and I share the "concern for the appearance of fairness" expressed by Judge McKee. It is one thing for the government to assume an investigation initiated by state law enforcement officials, or even to adopt a prosecution commenced by state prosecutors. It is quite another to seek a federal indictment where the federal interest in the case is recognized only after state prosecutors have

(Continued)

8

Unlike judges, such as our concurring friend, who apparently believe it is <u>never</u> appropriate for those of us in the Judicial Branch to express reservations or disapproval of manifestly irregular, if not illegal, "strategic choices" by prosecutors, I believe judges need to say more, not less, to the political branches about the serious deficits in our criminal justice system. Judges McKee and Smith plainly agree:

> Although we have jurisdiction here and must exercise it, this procedural history does not reflect well on the criminal justice system and undermines the appearance of fairness so important to its proper functioning. "[T]o perform its high function in the best way[,] 'justice must satisfy the appearance of justice.'" <u>In re Murchison</u>, 349 U.S. 133, 136 (1955) (quoting <u>Offutt v. United States</u>, 348 U.S. 11, 14 (1954)). In the future, I would hope that concern for the appearance of fairness will constrain prosecutors from engaging in the kind of unexplained tactical manipulation that appears so evident here.

<u>Bonner</u>, 363 F.3d at 230 (McKee, J., dissenting). And thankfully, they are not alone. <u>See</u>, <u>e.g.</u>, <u>United States v. Ingram</u>, 721 F.3d 35, 43 n. 9 (2d Cir. 2013) (Calabresi, J. concurring) ("[W]e judges have a right— a duty even— to express criticism of

---

> given the case their best shot in the state courts and lost on an issue of state law. <u>Not only does such a tactic offend fundamental notions of fairness, it is contrary to traditional notions of our federalism</u>.

<u>United States v. Bonner</u>, 363 F.3d 213, 219-20 (3d Cir. 2004) (Smith, J., concurring)(emphasis added).

9

legislative judgments that require us to uphold results we think are wrong." (footnotes and citations omitted)).

Indeed, who is better positioned to dialogue with the legislative and executive branches about the criminal justice system generally, and about "fundamental notions of fairness," Bonner, 363 F.3d at 220 (Smith, J., concurring), and "concern for the appearance of fairness," id. at 230 (McKee, J., dissenting), specifically, than judges? And where is it more appropriate to carry on that dialogue than in the opinions we issue resolving actual cases?

Contemporary discord in this country we all love, especially in stressed communities where interaction with the criminal justice system is a regular and dispiriting occurrence for many residents, might well be reduced if we judges better used our voices to inform and educate the political branches about how the decisions they make actually operate down here on the ground floor of the criminal justice system. In an era of mass incarceration such as ours, any fear that restrained judicial commentary on dicey prosecutorial practices or "strategic choices" might result in "the Government [] becom[ing] a less zealous advocate," ante at 24-25, is most charitably described as fanciful.

In sum, when judges "see something" judges should "say something."

10

FILED: June 1, 2015

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4360,   US v. John Adams
1:11-cr-00547-RDB-11

NOTICE OF JUDGMENT

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourt.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers are sent to counsel appointed or assigned by the court in a separate transmission at the time judgment is entered. CJA 30 vouchers are sent to counsel in capital cases. CJA 20 vouchers are sent to counsel in criminal, post-judgment, habeas, and § 2255 cases. Assigned counsel vouchers are sent to counsel in civil, civil rights, and agency cases. Vouchers should be completed and returned within 60 days of the later of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari. If counsel appointed or assigned by the court did not receive a voucher, forms and instructions are available from the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition to identify the cases to which the petition applies and to avoid companion cases proceeding to mandate during the pendency of a petition for rehearing in the lead case. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 15 pages. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).