# *William C. Bond*

*Pro Se* Litigation
P.O. Box 4823
Baltimore, Maryland 21211
443.970.2887
proselitigator@aol.com

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 AUG 28  PM 2: 14

CLERK'S OFFICE
AT BALTIMORE

BY KR_____ DEPUTY

August 28, 2015

**The Hon. Richard D. Bennett** *via: Hand Delivery*
U.S. District Judge
C/o Clerk
United States District Court for the District of Maryland
Baltimore Division
101 West Lombard Street
Baltimore, Maryland 21201

### RE: Criminal Action No.: 11-00547-RDB-11

Dear Judge Bennett:

I write to you about three (3) issues in this case:

### Issue One:

My designation as a party, with *pro se* 'represented by' name & address information, is still not upon the docket sheet.[1]

I will supplement this letter with all the contacts I have had with the clerk's office and your chambers about this issue, if requested, but I am sure you are aware of the problem.

I have been told there is a 'technical issue' relating to this problem. All I can say is it should not take three (3) weeks to solve such an issue.

Further, this case, prompted by my intervention, has renewed media attention upon this matter, some of which is national. I state that it is extremely prejudicial to my interests that a casual observer of the docket would be unawares that I am now the moving party to unseal this case.

I ask that you immediately see that this matter is resolved and/or explain why it cannot be so that I may take additional action to protect my rights, if necessary.

---

[1] I have intervened in and been listed upon the dockets in three other Maryland federal cases since 2009, including one under this court's control.

**Issue Two:**

A re-sentencing hearing for Mr. Adams was on the court's calendar for Monday, August 24, 2015.

On August 18, 2015, I sent an email to the government requesting confirmation of that hearing still being planned given Mr. Adam's pending motion. No reply from the government was forthcoming. But soon after, I noticed the court's calendar was modified and Mr. Adam's hearing was deleted.

I am concerned about this because the docket shows none of this action. It also suggests that there is some sort of unknown communication going on between the court and the government.

I continue to be troubled by this situation.

**Issue Three:**

The Baltimore *City Paper* recently published a news story about the appellate court's remand in this case titled **"A 'plain error' unconfessed, an appeals ruling sealed, and a murderer will be resentenced,"** by Edward Ericson, Jr., dated August 13, 2015.[2]

In this news story were several things of interest:

> > The story recounted part of U.S. Circuit Judge Andre M. Davis' concurring opinion that, of course, federal judges should "express reservations or disapproval of manifestly irregular, if not illegal, 'strategic choices' by prosecutors . . . "

> > The story also recounted: The appeals judges noted that "nearly all the record of this matter . . . remains sealed." In its (sealed) footnote 11, the appeals court advises **(1) the Maryland District Court to "consider alternatives to sealing the [entirety of the] record" and carefully "weigh the competing interests at stake." They advise (2) the prosecutor to notify the courts "if sealing this record (in whole or in part) is no longer necessary."**(Emphasis & numbering added.)

> > Finally, the story quotes the Maryland U.S. Attorney, including his thoughts and opinions upon the sealed appellate published opinion: However, "The order does not reverse the conviction," says U.S. Attorney Rod Rosenstein, in an email to City Paper. "The sealing order prevents us from discussing the details of the

---

[2] It is attached, without media, as exhibit no.: 1. It may also be viewed, with full media, here: http://www.citypaper.com/blogs/the-news-hole/bcpnews-a-plain-error-unconfessed-an-appeals-ruling-sealed-and-a-murderer-will-be-re-sentenced-20150813-story.html

> case. The legal issue was raised for the first time on appeal. The government agreed that the district court committed an error, but argued that the district court's error did not meet the legal standard of a 'plain error.'"
>
> Rosenstein says the matter turns on a technical point. "A party who does not object in the district court – when the court could easily correct the error – forfeits the right to appeal, with limited exceptions," he writes. "When a defendant raises an error that was not challenged in the district court, the court of appeals will consider the claim only if the district court committed a 'plain error,' which means that the court of appeals will reverse only if there was (1) an error; (2) it was clear or obvious; (3) it affected the defendant's substantial rights; and (4) it must be corrected to vindicate the fairness, integrity or public reputation of judicial proceedings."

Clearly, those statements by Mr. Rosenstein, coupled with Mr. Adams' motion and a plain reading of what is available of the appellate opinion, raise very serious questions as to Mr. Adams' motion to terminate his counsel.

Those statements, as they also discuss 'details' not in the appellate 'sealing order,' appear to waive any governmental interest in keeping the district court record sealed.

## Conclusion:

None of the parties have responded to the August 27, 2015, public deadline imposed by the court regarding movant's motion to unseal the record in this case.[3]

This nonaction constitutes a clear waiver.

This court must immediately unseal the entire sealed record of this case and/or all the records sealed upon which the unsealing of the sealed appellate published opinion relies; or state succinctly upon the record why they cannot in an expedited manner.

In sum: this court must correct the party listing section of the docket, this court must cease keeping matters off the docket, such as Mr. Adams' future hearings, and this court must immediately take the steps necessary to unseal the relevant records so that the subject sealed appellate published opinion may be revealed to the public.

Thank you very much for your consideration.

Very truly and respectfully yours,

---

[3] Please see: Docket entry no.: 809.

William C. Bond

cc: Robert R. Harding *via: Email and/or U.S. Mail*
Pat M. Woodward *via: Email and/or U.S. Mail*
Paul D. Hazlehurst *via: Email and/or U.S. Mail*
John Henry Adams *via: U.S. Mail*